**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4586**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

JASON LAMONTE BRYANT,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-cr-00018-GMG-RWT-3)

Submitted:  September 21, 2021          Decided:  January 11, 2022

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Shawn Angus Morgan, Christopher S. Etheredge, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Lamonte Bryant pled guilty to conspiracy to distribute and possess with intent to distribute heroin, fentanyl, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court sentenced Bryant below the Sentencing Guidelines range to a term of time served followed by three years' supervised release. On appeal, Bryant's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Bryant's motion to withdraw his guilty plea. Although notified of his right to do so, Bryant has not filed a pro se supplemental brief. We affirm.

We review the district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A defendant may withdraw a plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, a defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy at which the guilty plea was accepted," and "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding." *Nicholson*, 676 F.3d at 384 (alteration and internal quotation marks omitted). In addition, in reviewing a district court's denial of a

2

motion to withdraw a guilty plea, we consider (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether he credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether he had close assistance of competent counsel; (5) whether the withdrawal of the plea would prejudice the government; and (6) whether the withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Here, the magistrate judge fully complied with Rule 11 in conducting Bryant's plea colloquy, and Bryant explicitly affirmed that he was guilty, that the Government's proffered evidence was accurate, and that he had freely and voluntarily entered into the plea agreement and guilty plea. Bryant's statements during the colloquy strongly undermine any suggestion that his plea was not knowing and voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Furthermore, Bryant did not credibly assert his innocence. To credibly assert legal innocence, a defendant must "present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's prima facie case or to make out a successful affirmative defense." *Thompson-Riviere*, 561 F.3d at 353 (italics and internal quotation marks omitted). Here, Bryant offered no evidence or facts in support of his conclusory assertion of innocence.

Additionally, Bryant did not file his motion to withdraw until approximately three months after he had entered his guilty plea, a significant delay that weighed against permitting withdrawal of his plea. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir.

3

1993) (noting a delay of eight weeks "militate[s] against withdrawal"). Furthermore, Bryant had the assistance of competent counsel at the time he entered his plea, and, given the Government's significant evidence against him, has not established that he would have proceeded to trial had his counsel reviewed every single piece of discovery with him. *See United States v. Bowman*, 348 F.3d 408, 416 (4th Cir. 2003) (noting defendant who seeks to establish that he did not receive close assistance of counsel must "demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial" (brackets and internal quotation marks omitted)).

Finally, given the strength of the evidence against Bryant, his significant delay in moving to withdraw his guilty plea, and his sworn admissions of guilt, permitting Bryant to withdraw his plea would likely prejudice the Government and waste judicial resources. *See Nicholson*, 676 F.3d at 384 (ruling that trial "would be a waste of judicial resources and time . . . given [the defendant's] repeated admission of guilt"). Accordingly, we conclude that Bryant failed to show a fair and just reason to withdraw his plea, and therefore conclude that the district court did not abuse its discretion in denying his motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then

4

counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that counsel served a copy thereof on Bryant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*